UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:                          )
                                )
Perry Wallace and               )
Carrie Jane Wallace,            )     Case No. 10-81205C-13D
                                )
          Debtors.              )
                                )

<u>OPINION AND ORDER</u>

This case came before the court on September 9, 2010, for hearing on Debtors' Motion to Reinstate Case (the "Motion"). P. Wayne Robbins appeared on behalf of the Debtors. For the reasons that follow, the court has concluded that the Motion should be denied.

This case was commenced on July 9, 2010. The petition was not accompanied by any schedules nor by a statement of financial affairs. When 45 days passed after the filing of the petition without the Debtors filing any schedules or a statement of financial affairs, an Automatic Dismissal Order was entered and this case was dismissed pursuant to section 521(i) of the Bankruptcy Code.

The Motion was filed on August 31, 2010. According to the Motion, the Debtors supplied the information required for the preparation of the schedules and statement of financial affairs prior to the dismissal of the case and the failure to file the schedules and statement of financial affairs was the result of confusion on the part of a new employee in the office of the

Debtors' attorney.  The Motion prays that this case be reinstated and that the Debtors be allowed to proceed under chapter 13.

If a chapter 13 debtor fails to file all of the information required under section 521(a)(1) within 45 days after the date of the filing of the petition, section 521(i) provides that the case "shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."  The information required under section 521(a)(1) includes a schedule of the debtor's assets and liabilities, a statement of the debtor's financial affairs and a schedule of the debtor's current income and current expenditures. It is undisputed that the Debtors in this case did not file these documents within 45 days after the date of the filing of the petition, nor was any extension of time for the filing of such documents sought or granted in this case within 45 days after the date of the filing of the petition.  Hence, dismissal of this case was mandated by section 521(i).

Section 521(i) is a component of a strict statutory regimen that was adopted when section 521 was revised by BAPCPA.  That statutory regimen does not include reinstatement of a case that has been dismissed pursuant to section 521(i).  Such a dismissal is statutory in nature and is not subject to being vacated or avoided based upon a party's mistake, inadvertence or excusable neglect. See In re Bonner, 374 B.R. 62, 65 (Bankr. W.D.N.Y. 2007); In re Wilkinson, 346 B.R. 539, 545-46 (Bankr. D. Utah 2006); In re Young,

- 2 -

No. 06-80397, 2006 WL 3524482 (Bankr. S.D. Tex. Dec. 6, 2006); In re Conner, No. 06-40061-LMK, 2006 WL 1548620 (Bankr. N.D. Fla. May 16, 2006). Accordingly, the Debtors' Motion to Reinstate shall be denied.

IT IS SO ORDERED.

This 14th day of September, 2010.

WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST


Perry & Carrie Wallace
P.O. Box 1244
Pinehurst, NC 28370

P. Wayne Robbins, Esq.
120 Applecross Road
Pinehurst, NC 28374

Richard M. Hutson, II, Trustee